J-S19026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MUWSA GREEN, | : | |
| | : | |
| Appellant. | : | No. 2002 EDA 2018 |

Appeal from the PCRA Order Entered, May 29, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0002785-2008,
CP-51-CR-0014817-2007.

BEFORE: LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED JUNE 17, 2019**

Muwsa Green appeals *pro se* from the order that denied his third petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. We quash the appeal.

The pertinent facts and procedural history are as follows: On July 28, 2008, Green entered guilty pleas at two separate dockets. At No. CP-51-CR-0014817-2007, Green entered a guilty plea to robbery, rape, simple assault, and carrying a firearm without a license, resulting from his confrontation of a woman on a city street. At No. CP-51-CR-0002785-2008, Green entered a guilty plea to simple assault, two counts of involuntary deviate sexual intercourse, and terroristic threats, resulting from his sexual assault of his cellmate. On December 5, 2008, the trial court sentenced Green to an

_____

* Retired Senior Judge assigned to the Superior Court.

aggregate term of 20½ to 41 years of imprisonment, and a consecutive five-year probationary term. Green did not file a direct appeal.

On April 13, 2009, Green filed a *pro se* PCRA petition and an amended petition on May 17, 2010. The PCRA court appointed counsel, and, on May 24, 2010, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 21, 2010, the PCRA court issued Pa.R.A.P. 907 notice of its intention to dismiss Green's petition without a hearing. Green did not file a response. By order entered September 16, 2010, the PCRA court dismissed Green's petition. Green did not file a direct appeal.

Green filed a second *pro se* PCRA petition on October 15, 2013, and an amended PCRA petition on February 26, 2014. On April 22, 2015, the PCRA Court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Green's amended PCRA petition without a hearing. Green filed a timely a response. By order entered June 26, 2015, the PCRA court dismissed Green's amended PCRA petition.

Green filed a timely appeal to this Court. A panel of this Court first noted that the PCRA court had not conducted a timeliness analysis, and that Green's second PCRA petition was facially untimely. We further stated:

> [Green] also fails to properly invoke the newly discovered evidence exception under § 9545(b)(1)(ii) [of the PCRA]. Although [Green] argues that he was incompetent due to depression and the use of drugs during the time in which his

right to file a timely PCRA petition had lapsed, he offers no evidence in support of his claim of incompetence. As there simply is no evidence to substantiate [Green's] claim of incompetency, or that the incompetency caused [him] to be unable to file a PCRA petition, this claim cannot qualify as a fact which was previously unknown and could not have been ascertained by the exercise of due diligence. **Cf. Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2003). More egregiously, [Green] fails to assert that he filed his second PCRA within 60 days of becoming sufficiently competent to ascertain the facts upon which his underlying PCRA claims are predicated. Accordingly, [Green] also cannot satisfy the newly discovered exception to the [PCRA's] one-year filing period.

**Commonwealth v. Green**, 154 A.3d 864 (Pa. Super. 2016), unpublished memorandum at 4-5 (footnote omitted).[1] Thus, on July 1, 2016, this Court affirmed the PCRA court's denial of post-conviction relief. **See id.** at 6. On December 7, 2016, our Supreme Court denied Green's petition for allowance of appeal. **Commonwealth v. Green**, 163 A.3d 406 (Pa. 2016).

While Green's petition for allowance of appeal was pending, Green filed the *pro se* PCRA petition at issue, his third. In this petition, Green once again raised a claim of ineffectiveness regarding the entry of his guilty pleas. According to Green, he had just recently discovered that he had a low IQ, "mental health illness," and a learning disability. The PCRA court appointed

---

[1] We also rejected Green's bare assertion of governmental interference pursuant to the PCRA's timeliness exception found at section 9545(b)(1)(i). In addition, we noted that, although Green also argued that he was incompetent at the time he entered his guilty pleas, Green raised the claim in the context of ineffective assistance of counsel, rather than in support of any of the PCRA's time-bar exceptions. **See Green**, unpublished memorandum at 5, n.5.

counsel, and, on January 29, 2018, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to **Turner**/**Finley**, **supra**. On March 26, 2018, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Green's third PCRA petition without a hearing. By order entered May 29, 2018, the PCRA court dismissed Green's petition. The PCRA court further granted PCRA counsel's request to withdraw. This timely appeal followed. Both Green and the PCRA court have complied with Pa.R.A.P. 1925.

Before addressing the merits of the issues Green raises on appeal, we must first address the fact that Green filed a single notice of appeal on which he identifies two separate docket numbers. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court considered whether to quash an appeal when one notice of appeal was filed for orders entered at more than one docket number. The Official Note accompanying Pa.R.A.P. 341(a) provides that "[w]here . . . one or more orders resolves issues arising on more than one docket . . . separate notices of appeal must be filed." In **Walker**, our Supreme Court concluded that the "Official Note to Rule 341 provides a bright-line mandatory instruction for practitioners to file separate notices of appeal." **Walker**, 185 A.3d at 976-77. Thus, the Court held that for appeals filed after June 1, 2018, the date the **Walker** decision was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. Our Supreme Court emphasized that the "failure to do so will result in quashal of the appeal." **Id.**

Here, on June 18, 2018, Green filed a single notice of appeal from the order denying post-conviction relief at two separate docket numbers. Because Green filed his notice of appeal after our Supreme Court's decision in **Walker**, we are constrained to quash this appeal. **See Commonwealth v. Williams**, 2019 WL 1272699 at *2 (Pa. Super. 2019) (quashing *pro se* PCRA petitioner's single appeal, "in accordance with Rule 341 and **Walker**," because it was filed on June 5, 2018, and listed multiple docket numbers).[2]

Appeal quashed.

Judge Lazarus joins the Memorandum.

Judge Strassburger files a Concurring Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/17/19

---

[2] We were to address the timeliness of Green's third PCRA petition we would conclude that the PCRA court lacked jurisdiction to consider Green's underlying claims. Once again, Green cannot meet his burden of proving the newly-discovered evidence meets the PCRA's time-bar exception. At best, Green's claims regarding his low IQ and other limitations constitute a new source of previously known facts. **See generally**, **Commonwealth v. Marshall**, 947 A.2d 714 (Pa. 2008).